**Notice:  Read the terms of this Plan carefully.  Your rights as a creditor may be modified herein and upon confirmation by the Court you will be bound by the terms of this Plan.**

UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

---

| | | |
|---|---|---|
| **RE:** | ) | |
| | ) | |
| **Kyle J. Stoltenberg,** | ) | **CASE NO.  11-00585** |
| | ) | **CHAPTER 13 PLAN** |
| **Debtor.** | ) | |

---

1. **PAYMENTS TO TRUSTEE:**

   a. The future earnings of the Debtor(s) are submitted to the supervision and control of the Court and the Debtor(s) shall pay to the trustee the sum of $100.00 per week for thirty six (36) months, plus net state and federal tax refunds for tax years 2010-2012.

   SPECIAL FEASIBILITY PROVISION:  If the 2010 – 2012 tax refunds paid to the Trustee do not average $1,000 or more per year, the plan payments will be increased for the year following payment of the tax refund by the amount necessary so that the additional payments and the tax refund equal $1000.

   If tax refunds are used to fund the Debtor(s) plan, then the Trustee shall use said funds to first pay any allowed priority claims pro rata.  After all priority claims are paid in full, then the Trustee shall pay any allowed secured claims pro rata.  After all secured claims are paid in full the Trustee shall pay any allowed general unsecured claims pro rata.

   b. The Debtor(s) shall, each year during the course of this plan, provide the Trustee with copies of their income tax returns when completed and filed.

   c. If requested by the Court or Trustee, the Debtor(s) shall provide the Trustee with an annual statement of current income and expenses supported by their current proof of income, all as required by 11 USC 521(f)(4)(b) and the first such annual statement shall be due on April 30, 2009, and the same date each year thereafter during the course of the plan.

2. **FILINGS OF PROOF OF CLAIMS:**

   a. The Trustee shall only distribute payments, including adequate protection payments, to creditors who actually filed proof of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 USC Section 502(a).  However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor(s) or the Trustee may file such a claim as provided for by 11 USC Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

        b.      The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a former notice of assignment or transfer is filed with the Court.

**3.    ADMINISTRATIVE CLAIMS:**

**The Trustee shall pay the allowed attorneys fees in equal monthly payments over six (6) months beginning the first month following the entry of the court order approving said fees or over a period of twelve (12) months if the monthly plan payments are not sufficient to pay the approved fees over six (6) months.**

    a.    **ATTORNEY FEES**                                    $3,374.00
          (as approved by court order; amount shown is estimate
          for purpose of calculating plan)

    b.    **TRUSTEE'S STATUTORY FEE**
          The Trustee shall be entitled to reimbursement of fees and costs up to the percentage fee fixed by the Attorney General of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation.

**4.    PRIORITY CREDITOR CLAIMS:**

        The Trustee shall pay in full, in deferred cash payments, all claims entitled to priority under 11 USC Section 507, including the following unless the holder of a particular claim agrees to a different treatment. 11 USC Section 1322(a)(2). The amounts listed are estimates only; the Trustee will pay the amounts actually allowed.

    a.    **Domestic Support Obligations ("DSO");**
          None
    b.    **Priority claims other than DSO's;**
          None

**5.    SECURED CREDITOR CLAIMS:**

**Payments to secured creditors shall be made monthly in amounts representing their respective pro rata share of the plan payments available to pay secured creditors. Secured creditors shall be paid in full prior to any payments to unsecured creditors and such payments shall satisfy the Debtor's obligation, if any, to provide adequate protection payment to such secured creditors pursuant to 11 USC 1326(a)(1)(C).**

    **A. HOME MORTGAGE DEFAULT [§1332(b)(5)]:**

        The Trustee will cure defaults without interest on claims secured by a security interest in real property that is the Debtor(s) principal residence. The Debtor(s) will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default shown below are estimates only; the Trustee will pay the amounts actually allowed.

| **CREDITOR** | **AMOUNT OF DEFAULT** |
|---|---|
| GMAC | $7,500.00 (estimated, actual payment to be Based on claim filed by Creditor and Allowed by court) |

NOTE:  Current monthly mortgage payments on Debtors' first mortgage to GMAC shall be made by the Debtors directly to said creditor on a monthly basis and not through the Chapter 13 plan.

In the event that this plan proposes that Debtor(s) are to pay real estate home mortgage payments on a post-petition basis outside the plan directly to the mortgage lender, all post-petition payments so made, if paid within fifteen (15) days of the monthly due date of said payments, shall be deemed timely payments by the creditor and shall not accrue late charges.

### B.  OTHER SECURED CLAIMS:

The Trustee will make payments to the following secured creditors with interest at the contract rate set forth below.  It is the Debtor's intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the Trustee will pay the claim.  The creditors shall retain their liens securing such claim until the amount for which the claim is allowed as secured is paid in full (11 USC Sections 1325(a)(5)(B)(i) and 1327(c)).  The secured claims shall also be paid interest at the rate of 5.25%.

| Creditor | Claim Amount | Secured Amount |
|---|---|---|
| FAMILY CREDIT UNION | $5,460.00 | $5,460.00 |

### C.  STRIP OFF UNSECURED SECOND MORTGAGE:

The Second mortgage debt owed to Dyck-O'Neal, Inc. is not secured by any value in the homestead and shall be deemed to be an unsecured claim; upon entry of the discharge in this case.  Dyck Oneal, Inc. shall file a release of the second mortgage lien upon entry of the discharge.

### D.  SURRENDER OF VEHICLE IN SATISFACTION OF CLAIM:

Debtor will surrender 1995 Plymouth Grand Voyager Van to Citifinancial in satisfaction of Creditor's claim herein.

6. **TIMELY FILED UNSECURED CREDITOR CLAIMS:**
   **The Trustee shall pay the allowed claims of unsecured creditors in monthly installments representing their respective pro rata share of the monthly plan payments available for payment to unsecured creditors, which payments shall commence after payment in full of all administrative costs (except the Trustees**

**ongoing statutory fee which shall continue), all secured claims and all priority claims.**

  a. The Debtor(s) is/are allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual. 11 USC Section 1322(b)(1).

  b. Creditors holding unsecured claims shall be divided into two classes. 11 USC Section 1322(a)(3).

**Class A.** Class A shall consist of creditors holding allowed unsecured claims of $15.00 or less. The claims of such creditors shall be waived.

**Class B.** Class B shall consist of creditors holding allowed unsecured claims for any amount greater than $15.00. The claims of such creditors shall be paid pro rata over the period of the plan.

  c. The Trustee will pay holders of non-priority unsecured claims for which proofs of claims are timely filed the balance of all payments received by the Trustee and not paid under paragraph 2, 3, 4 and 5 their pro rata share of the funds available for distribution.

**NOTE:** The actual dividend paid by the Trustee may vary depending upon allowance of secured and priority claims, as well as the total sum of unsecured claims filed. No interest accruing after the date of filing of the petitioner shall be allowed on claims of unsecured creditors. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 USC Section 502(b)(2).

**7. OTHER PROVISIONS:**

  a. **Certain Post-Petition Claims.** Any post-petition claim allowed under 11 USC Section 1305 shall be paid in full. If such payment results in a reduction in the amount to general unsecured creditors, the Debtor(s) hereby agree(s) to amend this plan to ensure payment to said creditors as originally contemplated.

  b. **Right to Object to Claims Reserved.** Debtor(s) reserve(s) the right to object to any proof of claim filed herein to contest it in amount, form or content and to require that the claim presented be properly supported by documentation as required by this court under applicable federal and state law.

  c. **Mortgage Company to Send Statements or Coupon Books to Debtor(s).** If holders of claims that are to be paid directly by the Debtor(s) have been providing monthly statements or coupon books pre-petition, then said claim holder shall continue to provide monthly statements or coupon books to facilitate the Debtor(s) in making their monthly installment payments. The sending of monthly statements or coupon books will not be a violation of the Automatic Stay. The Debtor(s) are not relieved from making their monthly installment if there has been an interruption in receipt of said monthly statements or coupon books.

      d.      **Lift Stay Terminates Creditor's Secured Distribution.**  Distribution to secured creditors who obtain relief from the Automatic Stay will terminate on entry of such order lifting the stay, notwithstanding any other term of this plan to the contrary, except to the extent an unsecured deficiency claim is filed, which will be paid as a general unsecured claim.

      e.      **Lien Avoidance.**  Any lien which may be avoided pursuant to 11 USC 522(f) shall be avoided to the benefit of Debtor(s), to the extent permitted under applicable state law. The holders of all other secured claims shall retain the lien securing such claims until the amount for which the claim is allowed as secured is paid in full.  11 USC 1325(a)(5)(B)(i).

      f.      **Vesting of Title.**  Title to the property of the estate shall vest in the Debtor(s) upon confirmation of the plan pursuant to 11 USC Section 1327(b).

      g.      **Claim of Exemptions.**  Debtor(s) claims of exempt property and valuations thereof filed pursuant to applicable state law, shall be allowed in the amounts listed on Schedule C.

      h.      **Late Filed Claims.**  All late filed unsecured claims shall be separately classified and will be paid 0%.

      i.      **Allowance of Claims.**  All timely filed claims shall be allowed as to the amount and classification unless objected to by the Debtor(s).

      j.      **Application of Mortgage Payments.**  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee on pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid the Debtor(s) to the month in which they were made under the plan or directly by the Debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the Trustee, the Debtor(s) and the attorney for the Debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, the Debtor(s) and attorney for the Debtor(s) of any change in the taxes and insurance that would increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 USC Section 524(i).

      k.      **Arbitration.**  The plan filed by Debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the Debtor(s) for any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) any duty, requirement or obligation to submit any and all claims, demands or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.  Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulations, are invalid, void and otherwise unenforceable as to the Debtor(s) or the Chapter 13 Trustee.

      l.      **Title to Secured Property.**  Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the estate in bankruptcy for

which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor(s) or the attorney for the Debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under Section 360 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

m.  **Refund if Plan Not Confirmed.** Should this plan not be confirmed, or be dismissed at any time after confirmation, the Trustee shall return to Debtor(s) all undistributed funds by delivering same to their attorney, H. J. Dane, 1111 E. River Drive, Davenport, Iowa, 52803.

The Debtor(s) further represents an ability to carry out this plan, that it is in good faith, and is their best effort.

Dated:       2/23 /2011              Signed: **/s/ Kyle J. Stoltenberg**
                                             Debtor


                                     Signed: **/s/ H. J. Dane**
                                             Attorney for Debtor
                                             IA#9999913; IL#6182600

Summary of Debts scheduled to be paid in plan:

| | |
|---|---|
| Administrative Costs: | $ 4,750.00 |
| Priority debts: | $0 |
| Secured or partially Secured debts: | $13,675.00 |
| Unsecured debts:<br>(Includes unsecured portions of secured claims) | $        00 |
| **TOTAL** | **$18,425.00** |

    **By signing below, the attorney certifies that on this 23rd day of February, 2011, this document was filed electronically in the United States Bankruptcy Court, for the Southern District of Iowa. The parties listed below will receive notice electronically.**

**US Trustee**
USTPRegion12.DM.ECF@usdoj.gov

**Albert C. Warford, Trustee**
Chapter13@qwestoffice.net

Signed:    /s/ H. J. Dane
           Attorney for Debtor
           IA#9999913; IL#6182600